## WHITSETT *v.* THE STATE.

HINES, J. 1. The court erred in refusing to permit a witness for the defendant to testify in his behalf, that on the night previous to the homicide the deceased, in company with his brother, came to the house of the father of the defendant, called the father out, accused him of putting out a false report about the deceased's mother, and angrily abused, cursed, and threatened him. This evidence was admissible for the purpose of showing the motive of the deceased and his state of mind at the time of the fatal *rencontre;* the cause of the quarrel between the father of the defendant and the deceased on the night previous to the homicide, in which the deceased was the aggressor, being about the same matter concerning which the quarrel between the deceased and the defendant arose the next morning, and which resulted in the homicide, and the evidence in behalf of the defendant tending to show that the person killed began the combat, and that the slayer killed his adversary in self-defense. Such evidence stands upon the same footing as uncommunicated threats which are admissible to show the state of mind or feeling on the part of the deceased, and thus illustrate his conduct and throw light upon his intention and purpose at the time of the commission of the homicide; and its rejection requires the grant of a new trial. *May* v. *State,* 90 *Ga.* 793 (17 S. E. 108); *McKinney* v. *Carmack,* 119 *Ga.* 467 (46 S. E. 719).

2. As we grant a new trial, we express no opinion upon the evidence.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hill, J., dissenting.*

No. 3551. APRIL 18, 1923.

Indictment for murder. Before Judge Gower. Dooly superior court. November 20, 1922.

*Watts Powell* and *George & Woodward,* for plaintiff in error.

*George M. Napier, attorney-general, J. B. Wall, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.